————o————

No. 5997.

## MRS. EUGENIE VERON, WIDOW OF PIERRE MEDAN vs. EDWARD A. PARSONS.

### Syllabus.

The right to invoke an estoppel may be waived by a party's judicial declarations or by his failure to timely object to evidence.

Appeal from the Civil District Court, for the Parish of Orleans, Division "D." No. 104,706. Hon. Porter Parker, Judge.

E. P. Kleinert and L. R. Hoover, for plaintiff and appellant.

Cage, Baldwin & Crabites, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The written reasons of the trial Judge in support of his judgment are as follows:

"This is a suit for the recovery of $330.50 and interest, growing out of a transaction between plaintiff and defendant. The answer is, substantially, a general denial, coupled with a reconventional demand for $220.04.

"The facts are that in the early part of 1904, Mrs. Medan went to Mr. Parson's office stating that the Louisiana Homestead Association was about to foreclose on her property, and asked that defendant loan her money sufficient to take up the Homestead indebtedness. She owed the Homestead Association $764.45; she owed the city taxes for 1902 and 1903.

"After an examination of the title it appeared that there was a paving claim against the property for $200.00, with interest. The amount of the loan was, therefore, fixed at the sum of $1,200.00. The defendant, Parsons, not being satisfied with the value of the property, caused Mrs. Medan, the plaintiff, to transfer the property to J. R. Legallez in order to obtain a vendor's lien note, and which note was indorsed for further security by Messrs. F. A. & F. J. Noulet. A written agreement was signed and given to George A. Noulet, son-in-law of the plaintiff. Mrs. Medan, giving him the right to acquire the property within one year for $1,296.00, the $96.00 being one year's interest at eight per cent.

"George A. Noulet paid the sum of $126.80, and when the year expired another agreement of like tenor was signed. From that time on no further

payments were made, and the Medans and Noulets continued to occupy the property until the early part of January, 1913, without paying rent, taxes or insurance.

"In 1911, foreclosure proceedings were instituted under the title 'J. L. Warren Woodville vs. J. R. Legallez, No. 97,287, Civil District Court.' The property was bought in by J. R. Warren Woodville, at Sheriff's sale, Mrs. Medan being duly advised of the proceedings. It was then arranged that Woodville should transfer the property to Miss Ida L. Guidry, a granddaughter of the plaintiff, residing with her on the property. The amount claimed, as then due, including taxes, interest, etc., was $2,100.00. It was agreed that the property was not worth that amount, and it was arranged to sell the property to Miss Guidry for $1,700.00. Miss Guidry, the purchaser, was unable to pay cash, so the property was transferred to her upon her furnishing two notes, one for $500.00, due in six months, and one for $1,200.00, due in one year, and these notes were indorsed by her father, Louis C. Guidry, who was then Assessor of the Parish of St. Martin. When the first note fell due it was not paid, nor had the taxes and insurance been paid. When this condition was called to Mr. Guidry's attention he admitted his inability to take up the first note, the six months note, and advised Miss Guidry, his daughter, to return the property to Mr. Woodville, and thus save costs. This Miss Guidry refused to do; whereupon, a second foreclosure occurred, the title being 'J. L. Warren Woodville vs. Miss Ida L. Guidry;' and the property was bought in at Sheriff's sale by the defendant at the price of $1000.00. On February 18th, 1913, the property was sold to George Baldo for the sum of $1896.00, $200.00 cash and the balance represented by a note of one year for $1,696.00.

"The evidence of Mr. John St. Paul, expert accountant, showed that Mr. Parsons, the defendant

herein, instead of being benefited by the transaction, was the loser in a sum of something over $200.00. Both of the Noulets are business men, and it would seem impossible that they should have indorsed the note for $1,200.00 and not understand the nature of the transaction, particularly in view of the fact that Mr. George A. Noulet had a signed agreement from the defendant, Parsons, giving him the right of redemption of the property in one year upon the payment of principal and interest, which agreement was renewed at the end of the first year, owing to the inability of Mrs. Medan or himself to take up the note.

"The second foreclosure and the transfer of the property to Miss Guidry, granddaughter of the plaintiff, and, at her request, satisfies me that Mr. Parsons, the defendant, has acted in perfect good faith and made every effort to restore the property upon the payment to him of the principal and interest and costs of insurance, taxes, etc.

"I can, therefore, see no merit in plaintiff's demand.

"The evidence to establish the demand in reconvention is not sufficiently certain upon which to base a judgment. Accordingly let there be judgment in favor of the defendant on the main demand, and a judgment of non-suit on the reconventional demand."

In this Court the principal contention of Mrs. Medan, the appellant, is that all evidence should be rejected and ignored, tending to show that the notarial act of April 27th, 1904, wherein she purports to sell the property to Legallez is and was intended to constitute a mortgage and that defendant, who acted as notary in the confection of the act, should be held estopped from denying that it was in fact a sale.

But in her own petition she affirmatively, insistently and repeatedly avers that the transaction was intended by her to evidence a mortgage, and that at the outset of the trial of the case she placed defendant upon the stand, questioned him with reference to the character of the transaction and permitted him, without objection, to testify that the act, together with the option executed in favor of plaintiff's son-in-law constituted a mortgage and was intended as such by all parties concerned. She is therefore in no position now to make this contention or to invoke the plea of estoppel.

The evidence is conclusive that from the date of its inception in 1904, until it was finally concluded by the sale to Baldo in 1913, all parties, without exception, intended, regarded and treated the transaction as one of mortgage and not of sale. That crucial fact is established not only by plaintiff's judicial declarations, by her testimony and by her act of retaining possession and claiming ownership of the property as late as the last judicial sale in October, 1912, but also by the testimony of nearly every witness in the case, as well as by every act and circumstance bearing upon the subject. Plaintiff's charges of fraud, concealment, etc., on the part of defendant are overwhelmingly proved to be without foundation or justification and the record completely exonerates him from even a suggestion of misconduct or bad faith.

Defendant has answered the appeal and is entitled to judgment on his reconventional demands. He has presented a detailed account of the entire transaction and each item has been supported and is sustained by receipts, vouchers and other evidence. After plaintiff has been given due credit for everything that she is or claims to be entitled to, the account shows that she is endebted to defendant in the sum of one hundred and sixty-seven

02/100 dollars and for this amount defendant should have judgment.

It is accordingly ordered that the judgment on the reconventional demand be reversed and that defendant, Edward A. Parsons, do now have judgment in reconvention against Mrs. Eugenie Veron, widow of Pierre Medan, in the sum of one hundred and sixty-seven and 02/100 dollars ($167.02) with interest thereon at the rate of 5% per annum from May 27th, 1913, until paid and all costs; that the judgment on the main demand be affirmed and that the appellant pay the costs of this appeal.

Reversed in part and affirmed in part.

Judgment rendered, April 20th, 1914.

Rehearing refused, May 18th, 1914.